## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KENNETH MCGEORGE                                CIVIL ACTION

VERSUS                                          NO. 11-1528

BURL CAIN, WARDEN                               SECTION: "B"(2)

## ORDER AND REASONS

Before the Court is Petitioner Kenneth McGeorge's ("Petitioner") Objections (Rec. Doc. No. 13) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 12), recommending dismissal with prejudice of Petitioner's *habeas corpus* petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Petitioner's Objections to the Magistrate Judge's Report are **OVERRULED** and that Petitioner's petition for federal *habeas corpus* review is **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

Petitioner was indicted for second degree murder in St. Tammany Parish on June 27, 2002. (Rec. Doc. No. 12, p.2). Petitioner filed pretrial motions to suppress the evidence including, *inter alia*, photographs, his confession to the police, and the evidence of his identification. (Rec. Doc. No. 12, p.5). Petitioner later waived the motion to suppress the photographic evidence. *(Id.)*.

Petitioner was tried before a jury on May 15-18, 2006 and was found guilty and sentenced to life imprisonment, without benefit of

parole. *(Id.)*. The trial court denied his motion for a new trial. *(Id.)*.

On direct appeal to the Louisiana First Circuit Court of Appeal, Petitioner asserted three assignments of error: 1) the evidence was insufficient to support the verdict, 2) the trial court erroneously denied his motion to re-open the motion to suppress the evidence previously waived, and 3) the trial court erroneously denied two motions for mistrial. (Rec. Doc. No. 12, pp.5-6). The appellate court affirmed the conviction on February 8, 2008, finding no merit. Petitioner did not seek rehearing or file for review in the Louisiana Supreme Court. (Rec. Doc. No. 12, p.6).

On September 24, 2008, Petitioner's newly retained counsel filed an application for post-conviction relief asserting eleven (11) grounds for relief. (Rec. Doc. No. 12, pp.6-7).[1] The State answered, arguing that the application was without merit, that the tenth claim was not a proper ground for post-conviction relief and was repetitive, that the eleventh claim was also not a proper ground for review, and that the claims in the application did not warrant a hearing. (Rec. Doc. No. 12, pp.7-8). Petitioner supplemented his application relating to his motion to suppress to include an argument under *Arizona v. Gant*, 556 U.S. 332 (2009). (Rec. Doc. No. 12, p.8). The trial court denied Petitioner's

---

[1] Grounds 1-9 alleged ineffectiveness of counsel, ground 10 re-raised the issues presented on direct appeal, and ground 11 requested an evidentiary hearing. (Rec. Doc. No. 12, pp.6-7).

application and his subsequent motion for reconsideration. (Rec. Doc. No. 12, pp.8-9).

Petitioner then filed a writ application with the Louisiana First Circuit Court of Appeal alleging that the trial court erroneously denied the application for post-conviction relief without an evidentiary hearing on the ineffective assistance of counsel claims, which was denied on May 12, 2010. (Rec. Doc. No. 12, p.9). Petitioner then filed a writ with the Louisiana Supreme Court, again seeking only review of the trial court's denial of an evidentiary hearing on the ineffective assistance of counsel claims, which was denied on February 4, 2011. *(Id.)*.

On June 28, 2011, Petitioner filed his Petition for Relief Under 28 U.S.C. § 2254. (Rec. Doc. No. 1). In his Petition, he assigned nine grounds for relief, which included seven claims of ineffective counsel, insufficiency of the evidence, and the claims raised on direct appeal. (Rec. Doc. No. 12, pp.10-11). The Magistrate Judge issued his Report and Recommendation, recommending that the Petition be denied. (Rec. Doc. No. 12).

Petitioner timely filed his Objections to the Report and Recommendation of the Magistrate Judge. (Rec. Doc. No. 13).

## **CONTENTIONS OF PETITIONER**

Petitioner asserts the following objections: 1) that his claims were exhausted and are ripe for consideration; 2) that ineffective assistance of counsel cumulatively prejudiced trial

3

proceedings; 3) that the State did not prove that Petitioner did not act in self-defense and, thus, the evidence was insufficient to support the returned verdict; 4) that the trial court erred in denying Petitioner's motion to re-open the motion to suppress, which had been waived, and; 5) that the trial court erred in denying Petitioner's motions for mistrial. (Rec. Doc. No. 13, pp.1-2). Petitioner further requests an evidentiary hearing on the claims presented. (Rec. Doc. No. 13, p.2). The State has not filed a brief in response.

## LAW AND ANALYSIS

**A.  Standard of Review**

Petitioner's original writ for federal *habeas corpus* review under 28 U.S.C. § 2254 was filed with this Court on June 28, 2011. (Rec. Doc. No. 1). As this is after the effective date for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applicable to *habeas corpus* petitions, his petition is governed by § 2254 as amended by AEDPA. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998)(*citing Lindh v. Murphy*, 521 U.S. 320 (1997)). As amended by AEDPA, the standard of review under § 2254(d)(1) provides deference to the state court's determinations on questions of law and law and fact unless it was, "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The amended subsections of 2254(d)(1) and (2) include the standards of review for questions of law, questions of fact, and mixed questions of law and fact. A federal court may issue a *habeas* writ under the "contrary to" clause if "the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 686 (2002) (internal citations omitted). An unreasonable application of federal law in a state court's decision is one that is "objectively unreasonable" as applied to the facts of a particular case. *Williams v. Taylor*, 529 U.S. 362, 409 (2000). For questions of fact, § 2254(d)(2) requires that a state court's decision will be presumed correct unless it was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

**B.   Procedural Exhaustion**

The Magistrate Judge found that Petitioner did not exhaust any of the claims raised in his post-conviction application except for his request for an evidentiary hearing. (Rec. Doc. No. 12, p.12). Petitioner objected to this finding. (Rec. Doc. No. 13, p.1). However, the Magistrate Judge did not rest his findings on this alleged procedural default. (Rec. Doc. No. 12, p.14). Further, because the Magistrate Judge found that Petitioner did not exhaust

5

or fully adjudicate his claims in the Louisiana state courts, the Magistrate Judge applied the less deferential, pre-AEDPA *de novo* standards of review to the substance of Petitioner's claims. (Rec. Doc. No. 12, p.15).[2]

The Magistrate Judge's finding of the lack of exhaustion did not negatively impact the determination of Petitioner's claims. Thus, this Court will not review the Magistrate Judge's finding for error in this respect.

**C.   Cumulative Prejudice for Ineffective Assistance of Counsel**

Petitioner objects to the Magistrate Judge's finding that he "has not shown his entitlement to consideration of or relief on the theory of cumulative error arising from counsel's performance." (Rec. Doc. No. 12, p.65; *see also* Rec. Doc. No. 13, pp.1-2). Petitioner, citing *United States v. Levy*, 377 F.3d 259 (2nd Cir. 2004), argues that "his trial counsel's multiple errors collectively prejudiced the trial by presenting an incomplete version of events." (Rec. Doc. No. 13, p.4). Specifically, Petitioner maintains that his trial counsel failed to: 1) investigate Petitioner's case; 2) impeach the State's witnesses; 3) communicate with Petitioner for trial; 4) challenge the State's expert witness; 5) communicate with the private investigator hired

---

[2] The deferential AEDPA standards of review do not apply to claims not fully adjudicated on the merits in state court. *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1401 (2011). Federal courts review these claims under the pre-AEDPA *de novo* standards of review. *Henderson v. Cockrell*, 333 F.3d 592, 598 (5th Cir. 2003).

6

to assist in the case, and; 6) assert a valid mitigation defense or to consult or hire an expert relating to that defense. (Rec. Doc. No. 13, p.2).[3]

The cumulative error doctrine, which provides that an aggregation of non-reversible errors (*i.e.*, plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial and can call for the reversal of a criminal conviction. *United States v. Delgado*, 672 F.3d 320, 343-44 (5th Cir. 2012), citing *United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998). But, the doctrine justifies reversal only when errors "so fatally infect the trial that they violated the trial's fundamental fairness." *Id.* at 344. The Fifth Circuit has repeatedly emphasized that the cumulative error doctrine necessitates reversal *only* in rare instances.[4] "The possibility of cumulative error is often acknowledged but practically never found persuasive." *Derden v. McNeel*, 978 F.2d 1453, 1456 (5th Cir. 1992) (en banc).

---

[3] The Magistrate Judge applied the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984) to each of Petitioner's claims of ineffective assistance of counsel. Petitioner does not object to the individual findings, but limits his objection to the cumulative error doctrine. (Rec. Doc. No. 13, p.1).

[4] *See, e.g.*, *United States v. Villarreal*, 324 F.3d 319, 328 (5th Cir. 2003) ("We have stressed, however, that a reversal based on the cumulative effect of several alleged errors is a rarity."). *See also*, *United States v. Reedy*, 304 F.3d 358, 373 (5th Cir. 2002); *United States v. Wicker*, 933 F.2d 284, 292 (5th Cir. 1991); and *United States v. Lindell*, 881 F.2d 1313, 1327 (5th Cir. 1989).

7

The Fifth Circuit has unequivocally held that "ineffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions." *United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006), citing *Miller v. Johnson*, 200 F.3d 274, 286 n.6 (5th Cir. 2000). As noted previously, Petitioner does not object to the individual findings, but limits his objection to the cumulative error doctrine. (Rec. Doc. No. 13, p.1).

In light of clear Fifth Circuit precedent, the Magistrate Judge's ruling as to Petitioner's cumulation claim is not erroneous and supported by record evidence.

**D. Petitioner's Claim of Self-Defense and Sufficiency of the Evidence**

Petitioner also objects to the Magistrate Judge's finding that the record contains more than sufficient evidence supporting the jury's verdict. The Magistrate Judge reviewed the record adduced at trial in the light most favorable to the prosecution and found that a rational trier of fact could have found that the essential elements of the crime of second degree murder were proven beyond a reasonable doubt. (Rec. Doc. No. 12, p.16).

Petitioner's objections largely rest on the contention that the evidence against him was circumstantial in nature. (Rec. Doc. No. 13, pp.2-3, n.1). However, the evidence adduced at trial showed that Petitioner had a long-standing, amicable relationship with his victim, the victim had not been carrying a firearm nor had Petitioner seen one on the victim's person, and Petitioner

consistently and admittedly lied to police about the shooting and his dumping of the victim's body. The jury's credibility determinations regarding Petitioner's fear and apprehension during the incident are not subject to second-guessing at this juncture.

The Magistrate Judge reviewed the testimony of several witnesses, including Petitioner, and found that the jury's determinations were reasonable. Reviewing the trial evidence as a whole,[5] the Magistrate Judge's finding that the State proved beyond a reasonable doubt that Petitioner did not act in self-defense, but with the specific intent to kill or commit great bodily harm is not erroneous and, again, supported by the record.

**E.   Motion to Re-Open Previously Waived Motion to Suppress**

Petitioner maintains that the Magistrate Judge erroneously determined that he was not denied a full and fair opportunity to present his Fourth Amendment claims when the trial court denied his request to re-open his suppression motion. (Rec. Doc. No. 13, pp.5-6).

A "full and fair hearing means that 'where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court.'" *Davis v. Blackburn*, 803

---

[5] In *McDaniel v. Brown*, ___ U.S. ___, 130 S.Ct. 665, 672, 674 (2010), the Supreme Court held that a reviewing court is to consider the trial evidence as a whole under *Jackson v. Virginia*, 443 U.S. 307 (1979).

9

F.2d 807, 808 (5th Cir. 1986) (per curiam) (quoting *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977)).

In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The *Stone* bar applies despite any state trial court error in deciding the merits of Petitioner's Fourth Amendment claim, even despite a trial court's initial decision to deny an evidentiary hearing. *Andrews v. Collins*, 21 F.3d 612, 631-32 (5th Cir. 1994); *Christian*, 731 F.2d at 1199 n.1; *Swicegood v. Alabama*, 577 F.2d 1322, 1324-25 (5th Cir. 1978).

On direct appeal to the Louisiana First Circuit Court of Appeal, Petitioner argued that the trial court erroneously denied his motion to re-open the motion to suppress the evidence, which he previously waived. (Rec. Doc. No. 12, pp.5-6). The appellate court affirmed the conviction on February 8, 2008 finding no merit; and Petitioner did not seek rehearing or file for review in the Louisiana Supreme Court. (Rec. Doc. No. 12, p.6).

The Magistrate Judge, therefore, did not commit error in finding Petitioner was permitted a full and fair opportunity to litigate his Fourth Amendment claims **based on our record review.**

10

**F.    Motions for Mistrial**

Petitioner filed two motions for mistrial, one based on the State's reference to the waiver of the motion to suppress and the other based on a State witness's reference to Petitioner's post-arrest silence. (Rec. Doc. No. 12, p.37). Petitioner objects to the Magistrate Judge's findings that the motions for mistrial were properly denied. To the extent that Petitioner's objection raises a question of due process, the Magistrate Judge reviewed both denials and found that they were proper. (Rec. Doc. No. 12, pp.38-39, 41-42).

Petitioner complains that the prejudicial effects of these statements deprived him of a fair trial. (Rec. Doc. No. 13, p.6). "The test applied to determine whether a trial error makes a trial fundamentally unfair is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Styron v. Johnson*, 262 F.3d 438, 454 (5th Cir. 2001) (quoting *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988)).

   **1.   The State's Reference to the Waiver of the Motion to Suppress**

During defense counsel's questioning of a witness, the prosecution objected, citing that Petitioner waived the Motion to Suppress Evidence. (Rec. Doc. No. 12, pp.38-39). Petitioner responded with a motion for mistrial. (Rec. Doc. No. 12, p.39). On direct appeal, the Louisiana First Circuit Court of Appeal found

11

that the prosecutor's vague reference to Petitioner's motion to suppress was not particularly pertinent to the trial or damaging to Petitioner's case, thus depriving him of a fair trial. (*Id*.).

The Magistrate Judge found that Petitioner had "fallen well short of proving that the comment by the prosecutor had an impact on the verdict," especially in light of the overwhelming evidence of Petitioner's guilt. (Rec. Doc. No. 12, p.41). The Magistrate Judge's finding here is supported by the state record.

### 2. A State Witness's Reference to Petitioner's Post-Arrest Silence

In the second instance, Petitioner moved for a mistrial after a witness referenced his decision not to talk after being read his *Miranda* rights. (Rec. Doc. No. 12, p.42). After a hearing outside the presence of the jury, the trial court denied the motion. *(Id*.). The Louisiana First Circuit Court of Appeal upheld the denial, finding that the remark was not intended to impeach Petitioner and, thus, did not fall under the purview of *Doyle v. Ohio*, 426 U.S. 610 (1976) (concluding that the use of a defendant's post-arrest silence for impeachment purposes violates due process).

Insofar as the witness's statement is considered a *Doyle* error, it nonetheless was harmless and did not adversely impact the jury. In *Brecht v. Abrahamson*, 507 U.S. 619 (1993), the United States Supreme Court established the standard for determining whether a *Doyle* error merits relief on collateral review. The Court concluded that the prosecution's infrequent reference to the

12

defendant's silence did not substantially influence the jury's verdict where there was substantial evidence of guilt. *Brecht* at 639. The witness's statement "had **virtually no evidentiary significance**" and, thus, was harmless. **Record evidence of guilt was overwhelming.**

## G. Evidentiary Hearing

Petitioner lastly objects to the Magistrate Judge's denial of an evidentiary hearing. Because the Magistrate Judge was correct in finding no unreasonable application of the law or determination of the facts, and based on the sufficiency of the current record, an evidentiary hearing is unnecessary under § 2254(d). *See* 28 U.S.C. § 2254(e)(2). **The conditions for such a hearing have not been established.**

The subject habeas petition is thereby dismissed.

New Orleans, Louisiana, this 26th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE